NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 15, 2018[*]
Decided August 16, 2018

**Before**

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 18-1590

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> *v.* <br><br> RODERICK V. BURTON, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 15 CR 312-1 <br><br> Sharon Johnson Coleman, <br> *Judge.* |

**O R D E R**

In a three-month spree in 2014, Roderick Burton robbed five banks in Cook County, Illinois. He eventually was arrested and charged by a grand jury with five counts of bank robbery in violation of 18 U.S.C. § 2113(a). Before trial, Burton filed a pro se motion contesting the district court's subject-matter jurisdiction on grounds that his criminal prosecution did not arise under "the Laws of the United States." U.S. CONST.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

art. III, § 2. The district court denied the motion, explaining that its "subject matter jurisdiction is derived from 18 U.S.C. § 3231, which confers this Court with original jurisdiction over 'all offenses against the laws of the United States.'" The case proceeded to trial, and a jury found Burton guilty on all five counts. He then moved for judgment of acquittal, renewing his challenge to the court's subject-matter jurisdiction over this case. The court denied this motion and reiterated that § 3231 confers subject-matter jurisdiction in all federal criminal prosecutions. The court later sentenced him to ten years' imprisonment.

On appeal, Burton continues to press his argument that the district court lacked subject-matter jurisdiction over his prosecution for the bank robberies. But "[s]ubject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts." *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999); *see also United States v. Marks*, 530 F.3d 799, 810–11 (9th Cir. 2008).

We have considered Burton's other arguments, and none has merit.

AFFIRMED